# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **OTIS MAYS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:23-cv-00109-ACA-NAD |
| | ) |
| **JOHNSON, Assistant Warden, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report on April 23, 2025, recommending the court dismiss this action under 28 U.S.C. § 1915A for failing to state a claim upon which relief can be granted. (Doc. 47). The magistrate judge advised Plaintiff Otis Mays of his right to file specific, written objections within fourteen days. (*Id*. at 29–30). On May 27, 2025, the court received an undated motion for extension of time from Mr. Mays. (Doc. 48). On May 28, 2025, that motion was granted, allowing Mr. Mays an additional fourteen days from the entry date of that order in which to file objections. (Doc. 49). On June 30, 2025, the court received Mr. Mays's objections, which are dated June 15, 2025. (Doc. 52).

Mr. Mays first objects to the recommendation that his *Bivens* claim for deliberate indifference to medical needs should be dismissed. (*See* doc. 52 at 1). While Mr. Mays alleged that certain defendants acted in deliberate indifference to

his medical needs (*see e.g.*, doc. 40 at 3–7, 9–18), the Supreme Court of the United States has restricted *Bivens* claims only to the very specific situations where the Supreme Court previously recognized a cause of action. *See Egbert v. Boule*, 596 U.S. 482, 492–93 (2022); *Hernandez v. Mesa*, 589 U.S. 93, 99–101 (2020); and *Ziglar v. Abbasi*, 582 U.S. 120, 132–33 (2017). Relevant here, *Carlson v. Green* established a *Bivens* action for deliberate indifference to medical needs. 446 U.S. 14, 19–20 (1980). The plaintiff in *Carlson* was a severe asthmatic who died when he was denied medical attention for eight hours after having a severe asthma attack. *Id.*, 446 U.S. at 16 n.1.

In *Johnson v. Terry*, 119 F.4th 840, 859 (11th Cir. 2024), the Eleventh Circuit concluded that allowing a *Bivens* cause of action for deliberate indifference to medical needs for injuries different from those in *Carlson* would be an expansion of *Bivens* to a new context. The Eleventh Circuit determined that, "recognizing a cause of action under *Bivens*' outside of the three contexts already allowed by the Supreme Court is a disfavored judicial activity and should be avoided in all but the most unusual circumstances." *Id.* at 848 (quoting *Egbert*, 596 U.S. at 486, 491) (internal quotations omitted).

While Mr. Mays argues that the facts here do not differ from *Carlson* in any meaningful way (doc. 52 at 3), the Eleventh Circuit's interpretation of the Supreme Court's restrictions, as set forth in *Johnson,* essentially eliminated any cause of

2

action under *Bivens* for deliberate indifference to medical needs based on non-lethal injuries.[1] *See Johnson*, 119 F.4th at 859. Stated simply, according to the Eleventh Circuit, *Bivens* no longer provides prisoners a means to sue for deliberate indifference to their medical needs if their alleged injuries differ in any way from those set out in *Carlson*. *Id.* ("The severity, type, and treatment of Johnson's injuries were different from those of the plaintiff in *Carlson*. Those differences make this a new context . . . .").

Here, Mr. Mays alleged he was injured when he fell from a top bunk during a seizure, after prison officials repeatedly failed to provide him with his seizure medication and failed to provide him with his medically necessary bottom bunk. (*See* doc. 40 at 3–8). While these facts certainly allege deliberate indifference by prison officials, *Egbert*, *Hernandez,* and *Ziglar*, as interpreted by the Eleventh Circuit in *Johnson*, have left Mr. Mays without a cause of action. *See Johnson,* 119 F.4th at 859–60.

Mr. Mays also objects to the magistrate judge's finding that the prison's failure to provide Mr. Mays with a bottom bunk did not state a claim upon which

---

[1] The Eleventh Circuit explained, "A case might differ in . . . meaningful way[s] because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider." *Johnson*, 119 F.4th at 851 (quoting *Ziglar*, 582 U.S. at 139–40).

3

relief could be granted under *Bivens*. (Doc. 52 at 2). But even without the limitations stemming from the Supreme Court's rulings in *Bivens* actions, Eleventh Circuit precedent does not support a cause of action based on the failure to provide a prisoner a bottom bunk. Specifically, that failure has been held not to rise to the required level of a deliberate indifference. *See e.g., Redding v. Georgia*, 557 F. App'x 840, 844 (11th Cir. 2014) (holding that assigning an inmate to a top bunk despite his bottom bunk medical profile may have been negligent, but did not demonstrate deliberate indifference); *Smith v. Wood*, 2021 WL 4452526, at *4 (11th Cir. Sept. 29, 2021) (citing *Burley v. Upton*, 257 F. App'x 207, 208-10 (11th Cir. 2007) (affirming summary judgment against an inmate who pleaded deliberate indifference in his transfer from a bottom bunk to a top bunk, even though he had a medical profile requiring him to sleep on the bottom bunk).[2]

Mr. Mays also misunderstands the magistrate judge's reference to the federal administrative remedy program. (Doc. 52 at 2). As set forth in *Johnson*, the mere existence of the administrative remedy program for federal prisoners bars a federal prisoner from bringing a *Bivens* claim for deliberate indifference to medical needs. 119 F.4th at 858–60. The magistrate judge did not consider whether Mr. Mays had attempted to use those remedies, or whether those remedies could actually provide

---

[2] Although *Redding* and *Smith* are unpublished opinions, the court finds them persuasive. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060 (11th Cir. 2022)

Mr. Mays with relief, because that is not a relevant consideration for this court. *See id*. at 860 ("[I]t does not matter whether we think the administrative remedy program adequately addressed Johnson's complaints. It doesn't matter because the Supreme Court has held that: 'the question whether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts.'").

Finally, Mr. Mays notes that the report and recommendation set forth that Mr. Mays did not bring a claim under the Federal Tort Claims Act ("FTCA"). (Doc. 52 at 3-4). Mr. Mays agrees. (*Id*. at 3). But Mr. Mays also argues that he should have been allowed to further amend his complaint. (*Id*. at 3–4). In the context of Mr. Mays' claims based on state law torts, the FTCA provides the only means to bring such claims against federal officials. *See* 28 U.S.C. §§ 1346(b)(1), 2679(b)(1), (d)(1). But the FTCA has strict statutory prerequisites that must be met before a suit may be filed. Until those prerequisites are met, federal courts lack jurisdiction over FTCA claims. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). "Unless and until a claimant has exhausted his administrative remedies under the FTCA, the district court lacks subject-matter jurisdiction." *Id.* (citation omitted).

5

Because Mr. Mays did not allege or demonstrate those prerequisites were met at the time he filed his amended complaint, he could not cure this defect through an additional amendment alone.

After careful consideration of the record in this case, the magistrate judge's report, and Mr. Mays' objections, the court **OVERRULES** the objections, **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b), the court **WILL DISMISS** this action, with prejudice as to Mr. Mays' *Bivens* claims, and without prejudice as to any potential FTCA claim.

A final judgment will be entered.

**DONE** and **ORDERED** this July 17, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE